# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                         Case No.  4:05cr2-RH
                                                            Case No.  4:07cv366-RH/WCS

**MAURICIO DOMINGUEZ-VASQUEZ,**

     **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON § 2255 MOTION

Pending in this case is a motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255.  Doc. 70.  The United States filed a response.  Doc. 79.  Defendant filed a reply.  Doc. 84.

**Procedural history**

Pursuant to a plea agreement, Defendant agreed to enter a guilty plea to count five of the indictment, possession with intent to distribute more than 5 grams of methamphetamine (actual) and more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine.  Docs. 33 (plea agreement) and 1 (indictment).  He agreed that he faced a mandatory minimum prison term of ten years.  *Id.*, p. 1.

At the plea colloquy, the court explained the rights that Defendant would give up by entering a guilty plea, and Defendant said he understood. Doc. 58 (transcript), pp. 5-7. Defendant admitted all of the facts necessary for a conviction for the offense charged in count five. *Id.*, pp. 8-10. The court told Defendant that he faced a maximum prison sentence of life in prison, and a minimum mandatory prison sentence of ten years. *Id.*, pp. 11-12. Defendant was advised that if he provided substantial assistance to the Government, and if the Government filed a substantial assistance motion, the court could sentence him to below the ten year mandatory minimum term. *Id.*, p. 12. Defendant said that he understood the minimum term and the possibility of a sentence below ten years if a substantial assistance motion were to be filed. *Id.* He said he understood that without such a motion, he would receive a sentence of at least ten years. *Id.* Defendant said that he understood that whether a substantial assistance motion was filed was entirely up to the prosecution. *Id.*, pp. 12-13. The court asked Defendant if he had had a chance to talk with his attorney about the guidelines, and his attorney, William Clark, said: "Probably not" because, said Clark, his calculation "at least, is that it's less than the ten years' mandatory minimum, and I told him that that's what he's looking at." *Id.*, p. 14. Defendant said he was satisfied with his attorney's representation. *Id.*, p. 17.

At sentencing, counts one, three, and four were dismissed pursuant to the plea agreement, and Defendant was sentenced to a term of imprisonment of 120 months, the minimum mandatory statutory term. Doc. 49 (judgment). After a successful appeal, doc. 68, the court amended the judgment to delete the requirement of substance abuse treatment. Doc. 69.

Another case was consolidated for sentencing.  Case number 2:02cr2120-001JC had been transferred from the District of New Mexico and became this court's case number 4:05cr8-RH.  Doc. 1 in case number 4:05cr8-RH.  Defendant had been found guilty in New Mexico of possession with intent to distribute more than 50 kilograms of marijuana.  *Id*.  He was sentenced to a prison term of 12 months and 1 day, and term of 2 years unsupervised release.  *Id*.  A petition for revocation of that term of unsupervised release was filed, both for the criminal behavior alleged in the instant case concerning distribution of methamphetamine, and for violating a special condition that Defendant not re-enter the United States without permission.  Doc. 2 in case number 4:05cr8-RH.  Defendant admitted these violations and was sentenced on the violation of supervised release to a prison term of 12 months, to run consecutively to the sentence imposed in this case.  Doc. 56 in this file and doc. 12 in case number 4:05cr8-RH.

**Grounds One and Three**

In ground one, Defendant contends that his trial attorney was ineffective for failing to advise him that a term of "unsupervised" supervised release is illegal, thus causing the plea in the case at bar to be invalid.  This claim makes little sense unless considered with ground three.  In ground three Defendant claims in part that his trial attorney was ineffective for failing to argue that his term of "unsupervised" supervised release was not properly considered as a sentencing enhancement factor.  The gist of this claim is that Defendant committed the instant offense while serving the New Mexico term of "unsupervised" supervised release, causing him to receive two criminal history points pursuant to U.S.S.G. § 4A1.1(d).  Apparently Defendant contends that the New

Mexico sentence did not subject him to supervised release for purposes of § 4A1.1(d) because the term was unsupervised.

The claim is without merit.  As the Government notes, a term of supervised release necessarily becomes unsupervised after an alien, like Defendant, is deported, whether or not the court specifies that the term is "unsupervised."  United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1255 n. 1 (10th Cir. 2006) (from the District of New Mexico).  The sentence is a common one in the Tenth Circuit and in the District of New Mexico.  *E.g.*, United States v. Sanchez-Juarez, 446 F.3d 1109 (10th Cir. 2006).  The sentence has been upheld in that circuit.  United States v. Garcia-Castaneda, 255 Fed.Appx. 316 (10th Cir. 2007) (not selected for publication in the Federal Reporter, No. 07-2030), *cert. denied*, 128 S.Ct. 1752 (2008).  Active supervision is not required for the application of U.S.S.G. § 4A1.1(d), or for revocation of the term of "unsupervised" supervised release, if the alien returns to the United States and violates the terms of supervision.  United States v. Ramirez-Sanchez, 338 F.3d 977, 980-981 (9th Cir. 2003), *citing*, U.S.S.G. § 4A1.1(d), comment, (n. 4); United States v. Valdez-Gonzalez, 957 F.2d 643, 646 (9th Cir.1992); United States v. Brown, 54 F.3d 234, 237-238 (5th Cir.1995) (term of supervised release does not end when a defendant is deported and unsupervised); United States v. Akinyemi, 108 F.3d 777, 779 (7th Cir.1997) (same); United States v. Tinoso, 327 F.3d 864 (9th Cir.2003); 18 U.S.C. § 3583(d); and 8 U.S.C. § 1252(h).

The second aspect of ground three is frivolous.  Defendant alleges: "Counsel failed to raise any defense as to illegal supervised release that was remanded on appeal and corrected . . . ."  Doc. 70, p. 8.  This refers to the term of supervised release

imposed in the case at bar.  The problem was corrected after remand before Defendant could have started serving his term of supervised release, see doc. 68 (mandate) and doc. 69 (amended judgment), so prejudice to the outcome cannot be shown.

**Ground Two**

>   Defendant alleges:
>
>   Counsel failed to stop guilty plea hearing after admitting as to not advising petitioner of U.S.S.G. and leading petitioner to believe he was getting less than 10 yrs. Mandatory see (exhibit A) petitioner has a right to know which mandatory he plead too [sic].

Doc. 70, p. 7.  The allegation that Defendant did not know that he faced a mandatory ten year sentence is directly contradicted by the plea agreement.  It is also contradicted by Defendant's statements to Chief Judge Hinkle at the guilty plea, that he understood he faced a minimum mandatory ten year prison sentence.[1]  Doc. 58, p. 12.  Counsel admitted that he did not discuss the Guidelines with Defendant because the Guideline range was less than the ten year minimum mandatory sentence.  *Id.*, p. 14.  This was sound advice and not attorney error.  *See*, U.S.S.G. § 5G1.1(b) (where the statutory

---

[1] In a challenge to a guilty plea under § 2255:

>   [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); *see also* United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases).

Case Nos. 4:08cr2-RH and 4:07cv366-RH/WCS

minimum is greater than the top of the guidelines range, the statutory minimum is the guideline sentence). This ground is without merit.

**Ground Four**

Petitioner contends that his attorney was ineffective for failing to seek a downward departure for cooperation (a substantial assistance motion) or safety valve sentencing. Defendant said he understood that whether a substantial assistance motion would be filed was entirely up to the prosecution. Defendant has not alleged anything his attorney could have done to prompt the Government to file a substantial assistance motion. Defendant had more than 1 criminal history point and did not qualify for safety valve sentencing. 18 U.S.C. § 3553(f). This ground is without merit.

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 70, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2008.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:08cr2-RH and 4:07cv366-RH/WCS